The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has show good ground to reconsider the evidence. Upon reconsideration of the evidence, the Full Commission reverses the decision of the deputy commissioner and enters the following Opinion and Award.
****************
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged contraction of an occupational disease, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Reliance Insurance Company was the carrier on the risk.
4. Plaintiff earned wages sufficient to generate the maximum compensation rate.
In addition, the parties stipulated into evidence the following:
1. Defendants' answers to plaintiff's interrogatories and request for production of documents with all documents attached.
2. Employee notification report dated August 25, 1994.
3. Audiogram report dated July 21, 1993.
****************
Based upon the competent and credible evidence of record herein, the Full Commission makes the following:
FINDINGS OF FACT
1. Plaintiff began working for defendant-employer's predecessor in November 1965 as a mechanic. The company manufactured polyester fiber and he worked on various machines in the plant. During his employment he was assigned to two different areas of the plant. He worked in filament maintenance or "spin draw" until 1974 when he was transferred to staple maintenance.
2. Throughout his employment at the plant, plaintiff periodically worked in areas where the noise level exceeded eighty-nine decibels. Initially, hearing protection was not required by the company, but by the early to middle 1970's the employees were required to wear ear plugs. Once they were provided by the employer, the plaintiff regularly wore ear plugs which were capable of providing up to the maximum blockage available through ear plugs or protective hearing devices.
3. According to Dr. Robert P. Quinn, the maximum blockage provided by ear plugs is approximately 30 decibels of sound. The ear plugs provided by defendant-employer had noise reduction ratings from 26-31 decibels.
4. Plaintiff suffered sensorineural hearing loss which worsened progressively even though he wore ear plugs that were capable of preventing hearing loss from the noise in his employment.
5. Plaintiff's regular wearing of employer-provided protective hearing devices which were capable of preventing loss of hearing constituted a removal from exposure to the harmful noise of his employment and allows him to file a claim while still employed with defendant-employer.
****************
Based upon the foregoing findings of facts, the Full Commission enters the following:
CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-53 (28i) provides as follows:
 No claim for compensation for occupational hearing loss shall be filed until after six months have elapsed since exposure to harmful noise with the last employer. The last day of such exposure shall be the date of disability. The regular use of employer-provided protective devices capable of preventing loss of hearing from the particular harmful noise where the employee works shall constitute removal from exposure to such particular harmful noise.
Plaintiff regularly wore employer-provided protective devices which were capable of preventing loss of hearing from the harmful noise of his employment. Thus plaintiff was removed, as a matter of law, from exposure for purposes of triggering the statutory six-month waiting period. Plaintiff may file a claim while continuing employment. Clark v. Burlington Industries, Inc.78 N.C. App. 695, 338 S.E.2d 553 (1986).
2. The Industrial Commission has jurisdiction over plaintiff's claim.
****************
Based upon the foregoing findings of facts and conclusions of law, the Full Commission orders as follows:
ORDER
1. The Industrial Commission has jurisdiction over plaintiff's claim and plaintiff's claim for occupational hearing loss is ALLOWED.
2. This case is REMANDED to a Deputy Commissioner for a hearing on the merits of this claim.
3. Defendant shall pay the costs due this Commission.
 S/ _____________________ BERNADINE S. BALLACE COMMISSIONER
CONCURRING:
S/ _____________________ COY M. VANCE COMMISSIONER
S/ _____________________ DIANNE C. SELLERS COMMISSIONER
BSB:jmf